**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **AMIE JENNY TURAY** | **CIVIL ACTION NO. 26-1246** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **UNKNOWN DEFENDANT, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Petitioner Amie Jenny Turay,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 10]. Petitioner filed a Reply. [doc. # 13]. For reasons below, the Court should deny this petition.

## Background

Petitioner is a citizen of Sierra Leone. "On January 15, 2022, the Petitioner arrived in the United States near Eagle Pass, Texas after wading across the Rio Grande River. The Petitioner was encountered by Border Patrol Agents who

---

[1] Petitioner's "A-Number" is 240-207-934.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

determined that she had not been admitted or paroled and that she was a citizen and national of Sierra Leone." [doc. # 10, p. 6].

"On February 16, 2022, the Petitioner was released from ICE Custody, at the South Texas Family Residential Center. She was released on her own recognizance with a Form I-220(A),which contained her reporting instructions to the nearest ICE/ERO office and her intended destination." [doc. # 10, pp. 6-7]. On December 15, 2025, the Government re-detained Petitioner. [doc. #s 1, p. 5; 10, p. 7].

"On January 10, 2026, the Department of Homeland Security filed a motion to pretermit the petitioner's Form I-589 Asylum Application. DHS's Asylum Cooperative Agreement, (ACA) agreement between the government of the United States and the government of the Republic of Uganda, is a bilateral arrangement between the United States and Uganda that would allow the United States to remove the Petitioner to third country of Uganda. The motion to pretermit was to be heard on January 15, 2026, at the Petitioner's individual hearing. [] On January 15, 2026, the Petitioner had an individual hearing before the immigration court. The Petitioner's claim for Asylum, Withholding of Removal Under INA § 241(b)(3), Withholding of Removal Under the Convention Against Torture, and Deferral of Removal Under the Convention Against Torture, were all denied. The Petitioner was ordered removed to Uganda and in the alternative the Petitioner was ordered removed to Sierra Leone." [doc. # 10, p. 8].

Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); her appeal is pending. [doc. #s 1, p. 5; 1-2, p. 1].

Petitioner filed this proceeding on April 13, 2026. [doc. # 1, p. 8]. She claims that the Government has detained her for a prolonged period and is not likely to remove her in the near future. *Id.* at 6.

Respondents opposed the petition on June 25, 2026. [doc. # 10]. Petitioner did not file a reply.

**Law and Analysis**

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." Under Section 1231(a)(6), "An alien ordered removed who is inadmissible[,] . . . removable[,] . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." In *Zadvydas*, 533 U.S. at 682, the Supreme Court construed Section 1231(a)(6) "to contain an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."

"[T]he Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond 'a period reasonably necessary to

secure removal,' 533 U.S., at 699, 121 S.Ct. 2491 and it further held that six months is a presumptively reasonable period, *id.,* at 701, 121 S.Ct. 2491. After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing [with evidence] or release the alien." *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (quoting *Zadvydas*, 533 U.S. at 699).[3] If removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.

"[R]eview must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to 'speak with one voice' in immigration matters." *Id.* at 700.

Here, Petitioner's claim is premature because her appeal before the BIA is pending and thus her order of removal is not final. *See Lopez Acosta v. Rosen*, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies below, he is no longer subject to a final order of

---

[3] "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

removal . . . ."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board.").

Under 8 U.S.C. §1101(a)(47), an "order of deportation" becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Likewise, under 8 C.F.R. § 1241.1, "An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ." *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

The Court should dismiss this claim. Even if Petitioner's claim was not premature, she does not meet her initial burden of providing good reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future. Petitioner's claim is conclusory. She pleads only that the Government has detained her for a prolonged period and is not likely to remove her in the near future.[4]

[4] *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (aliens must present sufficient evidence establishing that there is no significant likelihood of removal in the reasonably foreseeable future and not merely offer conclusory statements); *Ropati v. Lynch*, No. 6:17-CV-0219, 2017 WL 5560656, at *2 (W.D. La. Apr. 18, 2017), *report and recommendation adopted,* No. 6:17-CV-00219, 2017 WL 5614942 (W.D. La. Nov. 16, 2017).

The Court should dismiss this claim without prejudice to Petitioner's right to raise the claim again (i) when it is ripe and (ii) if she can provide good reason to believe that there is no significant likelihood of her removal in the reasonably foreseeable future.

**Conclusion**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Amie Jenny Turay's petition be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to re-file it if she has good reason to believe, in light of any changes in circumstance or new evidence, that her removal is not significantly likely in the reasonably foreseeable future.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from**

**attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 20th day of July, 2026.

Carol B. Whitehurst
United States Magistrate Judge